

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,506-01

## IN RE JAMES INGRAM, JR., Relator

## ON APPLICATION FOR A WRIT OF MANDAMUS CAUSE NO. 210-16-B IN THE 25TH DISTRICT COURT OF GONZALES COUNTY

NEWELL, J., filed a dissenting opinion in which WALKER, J., joined.

Applicant requested information from the District Clerk on how to get copies of the transcript of his case to use in preparing a habeas corpus application. Applicant wrote:

> I'm writing in hopes that you can let me know how I can get my trial Transcripts. I am incarcerated at this time . . . and I'm really in need of getting all my Trial Transcripts please I would like to get Non/Certified Copies please.

The District Clerk has interpreted this as a request for a transcript rather than a request for how much the transcript would cost. The Court apparently agrees, holding in effect that Applicant did his best, but his

best wasn't good enough.

I dissent because Applicant didn't just ask for copies of his trial transcript; he asked how he could get them. Answering that question necessarily requires some indication of how much those copies would cost. Further, I see nothing wrong with holding that a clerk faced with a request for copies should respond to that request with how much those copies would cost. It certainly beats silence. We have previously held that refusing a request for information regarding how much a trial transcript would cost violates an incarcerated inmate's access to the courts.[1] In this case, Applicant has asked for that information, and the District Clerk has a ministerial duty to provide it. I would grant mandamus relief in this case. Because the Court does not, I respectfully dissent.

Filed: June 5, 2019

Publish

---

[1] *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014).